IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2011 AUG 16 PM 2:01
CLERK_____
SO. DIST. OF GA.

KENNETH HAROLD HARRINGTON,

    Petitioner,

v.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV210-166

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kenneth Harrington ("Harrington"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Harrington filed a Traverse. For the reasons which follow, Harrington's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Harrington was convicted, after pleading guilty in the Southern District of Texas, of two (2) counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and using and carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). Harrington was sentenced to 235 months' imprisonment on the bank robbery counts and to 84 months' imprisonment on the firearms count, to be served consecutively, after the Government moved for an upward departure. (Doc. No. 5, p. 3).
AO 72A
(Rev. 8/82)

Harrington filed a direct appeal, and the Fifth Circuit Court of Appeals ultimately determined[1] that Harrington's plea agreement precluded him from challenging his Guidelines-enhanced sentence, which was below the statutory maximum. United States v. Harrington, 129 F. App'x 112 (5th Cir. 2005). Harrington filed a motion to vacate, correct, or set aside his convictions, pursuant to 28 U.S.C. § 2255, which the trial court denied. (Case No. 4:02-cr-00707-1, Doc. No. 58, S.D. Tex.).

Harrington asserts that he is being held in violation of the due process clause and that he is actually innocent of being a career offender under § 4B1.1 of the United States Sentencing Guidelines. Harrington also asserts that only one of his prior convictions could serve as a predicate offense (i.e., "crime of violence") for career offender purposes.

Respondent alleges that Harrington does not satisfy § 2255's savings clause, and thus, cannot proceed under section 2241. Respondent also contends that Harrington was not sentenced as a career offender, and he relies on a vacated Eleventh Circuit decision in support of his claims.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

---

[1] The judgment in Harrington's initial appeal, 89 F. App'x 473 (5th Cir. 2004), was vacated by the United States Supreme Court. Harrington v. United States, 543 U.S. 1099 (2005).

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Harrington has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Harrington asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because the "rules on which [he] relies [have] not been endorsed or made retroactive by the Supreme Court to cases on collateral review[.]" (Doc. No. 1, p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed

3

consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Harrington relies, in part, on the panel decision in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), as support for his claims. However, the Eleventh Circuit vacated its panel decision and issued in its place Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*). In the *en banc* Gilbert decision, the Eleventh Circuit majority determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[2] 640 F.3d at 1312. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or *any other guidelines enhancement*, applied in the calculation

---

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

AO 72A
(Rev. 8/82)

of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320 (Emphasis supplied). "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.[3]

Harrington was convicted of two (2) counts of violating 18 U.S.C. § 2113(a), and the statutory sentence he faced for each of his convictions under this statute was twenty (20) years. In addition, Harrington was convicted of violating 18 U.S.C. § 924(c), and the statutory sentence he faced for this conviction was seven (7) years. The total sentence imposed on Harrington, 319 months' imprisonment, does not exceed this statutory maximum. Thus, Gilbert does not provide Harrington with his requested relief.

Even if Harrington's claims are based on a retroactively applicable Supreme Court decision (which, by his own admission, they are not), he has not shown that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Harrington's reliance on Salinas v. United States, 547 U.S. 188 (2006), is misplaced, as the Supreme Court issued this decision several months prior to the filing of his original § 2255 motion; accordingly, to the extent Salinas could have provided Harrington with support, this decision was available to him when he filed his section 2255 motion. Simply because the Southern District of Texas court denied Harrington relief on this previous occasion does not mean that section 2255's remedy is inadequate or

---

[3] Harrington contends his claim is cognizable in a § 2241 proceeding, as his claim is statutorily-based. Harrington cites 21 U.S.C. § 802. However, this statute provides definitions for terms used elsewhere in Title 21 of the United States Code and does not provide any substantive statutory law.

ineffective. Harrington has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Harrington has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Harrington cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Harrington is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Harrington's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)